No. 4128

Second Circuit

(Second Division)

## WILLIAMS v. WARMSLEY

(December 9, 1931. Opinion and Decree.)

Smith & Greene, of Shreveport, attorneys for plaintiff, appellant.

George Thurber and Mabry & Carstarphen, of Shreveport, attorneys for defendant, appellee.

TALIAFERRO, J. Plaintiff alleges that while in the employ of defendant, and working with one Arthur Lee, on or about the 14th day of February, 1930, loading cross-ties on a truck, he sustained injury producing a condition of total permanent

disability to do work of any reasonable character. He sues for compensation and for an amount to cover medical and surgical expenses.

Defendant denies that plaintiff was injured while working for him or in his employ; denies that he was working for him or in his employ at time of his alleged injury; and denies that plaintiff was working for anyone employed by defendant at said time or on said date.

Plaintiff's suit was dismissed and his demand rejected by the district court. He has appealed.

Two questions are presented by the issues. in the case, viz.: The nature and extent of plaintiff's injuries and whether or not he was in the employ of or was working for defendant or for anyone in his employ when injured.

The decision reached by us makes it un-. necessary to discuss or consider the first question. It is our opinion the evidence in the case fails to establish the affirmative of the .second question, and we shall undertake to give the reasons which impel us to this conclusion.

Plaintiff testified that he was working with one Arthur Lee who was employed by defendant to haul cross-ties from his mill near Marshall, Texas, to the railroad yard in the city of Shreveport, La., on or about the 14th day of February, 1930, when injured; that he had worked for defendant off and on for two years; that after being injured (late in the afternoon) he rode Lee's truck to his home in the city of Shreveport, and thereafter was unable to resume work. He says he notified defendant of his injury on Saturday, the day after he was injured, and that defendant informed him he was working for Arthur Lee, not him; that Arthur Lee would draw plaintiff's wages in a check with his own and deliver it to him while they were working together; that he did not consult a physician about his injuries until two months after being hurt.

At date of trial plaintiff was serving a sentence in jail for violating the prohibition law.

Ike Toombs, a witness for plaintiff, testified that in early part of February, 1930, he saw plaintiff and Arthur Lee working together hauling ties for defendant and that after plaintiff was injured he took his place with Lee and worked in hauling ties from defendant's mill near Marshall. He states that the first time he saw plaintiff subsequent to being injured was two weeks thereafter at defendant's office, where plaintiff had come to be paid off. On cross-examination he stated that he did not really know the date of this incident but thought it was in the month of March.

Perry Rendall, a witness for plaintiff, testified that he was at plaintiff's home on or about February 14th when he arrived on Lee's truck, complaining of being injured.

A. L. Roberts, who was working for defendant on February 14, 1930, was unable to state definitely if he noticed plaintiff about defendant's mill or hauling ties from the mill on that date. The uncertain nature of his evidence may be seen from the following:

"Q. Did you see Napoleon Williams on or about that date?
"A. Well, I don't know exactly whether I did or not. Don't know whether I seen him that day or not.. I think I did. Don't remember whether or not I seen him at all that day."

E. F. Coleman, also engaged in hauling ties for defendant during the months of January and February, 1930, could not recall observing plaintiff working at hauling ties during the month of February, but was

certain he saw him working with another man during January.

Walter Delcord, a witness for plaintiff, testified that he saw plaintiff working around defendant's mill in early part of February, and afterwards saw him working, loading ties. He states, however, that he quit hauling from defendant's mill about the 10th of February.

The evidence of this witness is contradicted by practically all of the other witnesses in the case. No one, not even plaintiff, claims that he worked at defendant's mill at any time; and no other witness has testified that plaintiff was loading ties alone.

Arthur Lee testified that plaintiff was working for him after Christmas, 1929, but was uncertain whether he was so engaged in the month of February following; that he did not think he was working for defendant in February as the trucks had been laid off on account of bad weather and shortage of ties; that plaintiff quit working for him for three or four days, during which time he worked for a Mr. Mills, also engaged in the tie business, after which time he resumed work with this witness, and after three days again quit work, assigning sickness as his reason for so doing; that at this time plaintiff complained of his side and back hurting him. This witness is positive plaintiff was not injured at all while assisting him in hauling ties from defendant's mill and is equally positive a tie did fall on him at Blanchard, La., prior to the time he ceased to work for him; that he was present and saw the tie fall on plaintiff, but the date of this happening is not fixed; that plaintiff rode to his home in the truck of this witness after the accident, and worked with him no more thereafter.

E. G. Rowland, a witness for defendant, testified that he worked for a Mr. Mills during the months of January, February and March, 1930, as tie inspector; that Arthur Lee hauled ties for Mr. Mills on February 8th, 10th, 11th, 13th, 14th, 15th and 22nd, from near Blanchard, La. This witness kept a record of the ties he inspected for each hauler and made reports daily to his employer upon which payments for labor and hauling were made. His testimony was given from a record kept by him during his work of inspection. He also stated that he saw plaintiff often during the time Lee was hauling ties for Mr. Mills in February.

John R. Morgan, bookkeeper and assistant manager of defendant, testified that Arthur Lee worked for defendant the first eighteen days of January, but did not work for him at all during February; that he paid off for defendant with checks and that neither Lee nor plaintiff were on the payroll for February; that his records show the name of every person employed by defendant.

Defendant is positive that neither Arthur Lee nor plaintiff worked for him during the month of February, 1930.

Louis Wilson, a witness for defendant, testified that in the month of June, 1930, he talked with plaintiff on Texas avenue in the city of Shreveport and that plaintiff told him he got hurt while working for Mr. Mills.

A witness by the name of Compract stated that he worked at defendant's mill during the month of February, 1930, and no one was injured about it in that month.

It appears quite clear to us that plaintiff probably did not know for whom he was working when assisting Arthur Lee to haul cross-ties. He says he was working for Lee. Lee owned or controlled the truck while plaintiff performed the heavy work of carrying the ties to and loading them

on the truck, with some assistance from Lee. Lee collected his own wages and those due plaintiff, both being included in Lee's check. Lee does not think he worked any for defendant during the month of February, 1930, and this evidence, coupled with that of Mr. Rowland and of Mr. Morgan, makes it quite certain that neither Lee nor plaintiff did work for defendant during this month.

If plaintiff's injuries are traceable to an accident occurring while he was engaged in hauling and handling cross-ties for defendant he has failed to establish such fact. He plants himself upon the allegation that the injury happened on or about February 14th. This is impossible in view of the positive record evidence adduced on behalf of defendant, for certainly Arthur Lee, with whom plaintiff labored, was hauling ties for Mr. Miller on and about this date.

It does appear that a tie fell on plaintiff while working with Lee near Blanchard, but it is not shown for whom they were working at the time, nor is the date of this incident proven.

The evidence adduced on part of plaintiff is indefinite, carries a lack of positiveness, and most of the witnesses acknowledge uncertainty concerning material facts testified about. This may be accounted for from the fact that one year intervened between the time the facts transpired, about which these witnesses testified, and trial of the case. Without some record or memorandum few people could recall with absolute certainty events happening a year ago unless there was some special reason or cause for them doing so.

The reasons assigned by the trial court for rejecting plaintiff's demand are not in the record. We think he correctly disposed of the case.

The judgment appealed from is affirmed.